IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KARL C. MITCHELL, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-1191 (RDA/WPB) |
| ) | |
| SUPERINTENDENT, ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

  Karl C. Mitchell, a Virginia inmate, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated because he did not receive a tablet for several months while detained within the Rappahannock Regional Jail ("RRJ"), Stafford, Virginia. Dkt. No. 1. Without seeking leave to amend, Plaintiff filled an amended complaint on August 7, 2025, alleging again that he was denied use of a tablet while detained in RRJ from April 11, 2025, through July 30, 2025. Dkt. No. 7. Plaintiff alleged that denying him a tablet was discriminatory and prohibited him from free association and free exercise of his religion, "discriminated against [him]," and burdened his ability to exercise his religion. *Id.* at 2. He was granted leave to proceed *in forma pauperis* on November 4, 2025, and he filed a motion for leave to file a second amended complaint ("SAC") on November 21, 2025. Dkt. No. 12. Because Plaintiff is a prisoner, however, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

---

[1] Section 1915A provides:

  (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

  (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

## I. FACTUAL BACKGROUND

Plaintiff alleges that tablets are assigned to inmates at RRJ and "are the primary means for inmates to receive mail and visits from private parties"; "are the primary means for inmates to receive religious, educational, and rehabilitative material such as books, study guides, sermons, counseling, and music"; and "are the primary means for inmates to receive other entertainment material such as games and secular music"; however, "not all inmates immediately get" a tablet, and RRJ's "policy or custom" for issuing tablets is "patently discriminatory." The tablets are issued at the jailer's discretion. Plaintiff alleges there is no rational, compelling or penological basis for this policy and it results in discrimination. Dkt. No. 12-1 at 1-2.

Plaintiff alleges he was discriminated against from April 11, 2025, through July 30, 2025, because he was not issued a tablet and that numerous inmates, processed after him, were given tablets. Plaintiff's ability to exercise his religion (Christianity) was substantially burdened because without a tablet he "couldn't receive spiritual enrichment from the spiritual music and related material." Without a tablet, Plaintiff "couldn't associate with any family or friends through the mail or receive visits from them on the tablet." *Id.* at 2.

In the SAC, Plaintiff claims that the "facially discrim[inatory] polices or customs" at RRJ "for issuing tablets" (A) prohibited him from association and free exercise of his religion; (B) subjected him to cruel and unusual punishment; (C) discriminated against him; and (D) substantially burdened his religion.

---

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

2

## II.  LEAVE TO AMEND

"Under Fed. R. Civ. P. 15(a), leave to amend a pleading 'shall be freely given when justice so requires.' . . . [And] leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citations omitted). As the SAC has not yet been screened, and there is no prejudice or bad faith evident, leave to amend will be granted.

## III.  STANDARD OF REVIEW

In reviewing a complaint pursuant to § 1915A, a district court applies the same standard as when evaluating a Rule 12(b)(6) motion. To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if "the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (citation omitted). A complaint must therefore allege facts in support of each element of each claim the plaintiff raises; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678. While a court must construe a *pro se* complaint liberally, a court "is not bound by the complaint's legal conclusions," conclusory allegations, or unwarranted inferences. *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009).

Additionally, a complaint must be a coherent, comprehensible, and intelligible document. *See Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with

3

clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort"). Rule 8(a)(2) of Federal Rule of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). This is particularly so because a defendant must be able to determine what claim or claims a plaintiff is attempting to raise against him. A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## IV.  ANALYSIS

Applying this standard, the Court will address each of the various legal principles and claims implicated by the SAC. For the following reasons, the Court finds that the SAC lacks the specificity required under *Iqbal* and *Twombly* and is also improperly vague in contravention of Rule 8. Accordingly, the Court will dismiss the SAC without prejudice.

### A.  Personal Involvement

As an initial matter, the SAC lists the "Superintendent of RRJ, et al." but does not attribute any act or omission to the Superintendent or identify any other defendant. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed *by a person* acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each named defendant in a § 1983 complaint must have had personal knowledge of and involvement in the alleged violations of Plaintiff's constitutional rights for the action to proceed

4

against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010). Here, Plaintiff does not allege any act or omission on the part of the unnamed Superintendent or any other person. Accordingly, the SAC will be dismissed on this basis for failure to state a claim.

B. Free Exercise

Plaintiff has also not set forth the basis for his claims regarding his freedom to exercise his religion. "To make a Free Exercise claim, a prisoner must first show, as a threshold matter, that a prison practice or regulation violates his Free Exercise rights before showing that the prison's policies are not 'reasonably related to legitimate penological interests.'" *Firewalker-Fields v. Lee*, 58 F.4th 104, 114 (4th Cir. 2023) (quoting *Ali v. Dixon*, 912 F.2d 86, 89 (4th Cir. 1990)). To make a threshold showing, a plaintiff

> must show (1) that he holds a sincere religious belief and (2) that his religious practice has been substantially burdened by the prison policy or practice. *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019). A substantial burden either puts pressure on a person to change his religious beliefs or puts that person to a choice between abandoning his religion or following his beliefs and losing some government benefit. *Lovelace v. Lee*, 472 F.3d 174, 187 (4th Cir. 2006).

*Firewalker-Fields*, 58 F.4th at 114. Here, Plaintiff qualifies his allegations of fact by stating that the tablet is his "primary means" for many activities. The qualification acknowledges that there are other methods by which he could receive mail, books and other materials, visits, entertainment, *etc*. Accordingly, Plaintiff has not pleaded sufficient facts to show that the prison tablet policy has substantially burdened his religious practice, and any claims on this basis will be dismissed.

C. Freedom of Association

In addition, courts have held that the First Amendment right of "'freedom of association is among the rights least compatible with incarceration,' *Overton* [*v. Bazzetta*, 539 U.S. 126, 131 (2003)], because '[t]he concept of incarceration itself entails a restriction on the freedom of inmates to associate with those outside of the penal institution.'" *Desper v. Clarke*, 1 F.4th 236,

243 (4th Cir. 2021) (citing *Jones v. N.C. Prisoners' Lab. Union, Inc.*, 433 U.S. 119, 126 (1977)). It is unnecessary to define the exact level of associational rights retained by inmates in Virginia because "even those rights that *do* survive incarceration are afforded less protection by the Constitution than the rights of free citizens." *Desper*, 1 F.4th at 242. In fact, "there is no constitutional right to prison visitation, either for prisoners or visitors." *White v. Keller*, 438 F. Supp. 110, 115 (D. Md. 1977), *aff'd*, 588 F.2d 913, 914 (4th Cir. 1978). Accordingly, because Plaintiff has no standalone constitutional right to prison visitation, any claims on this basis will be dismissed.

### D. RLUIPA

To state a claim under RLUIPA, Plaintiff must plead that "he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316 (10th Cir. 2010). Plaintiff bears the initial burden of showing that the jail's policy creates a substantial burden on his religious exercise. If he makes such a showing, the burden shifts to the defendants to show that the policy furthers a compelling state interest by the least restrictive means. 42 U.S.C. § 2000cc-2 (b). "In particular, the government must prove that the burden in question is the least restrictive means of furthering a compelling governmental interest." *Lovelace*, 472 F.3d at 186.

A "substantial burden" on religious exercise occurs under RLUIPA if it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs, or . . . forces a person to choose between following the precepts of h[is] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of h[is] religion . . . on the other hand." *Lovelace*, 472 F.3d at 187; *see, e.g.*, *Patel v. Bureau of Prisons*, 515 F.3d 807, 814 (8th Cir. 2008) ("When

6

the significance of a religious belief is not at issue, the same definition of 'substantial burden' applies under the Free Exercise Clause … and RLUIPA.").

> RLUIPA does not give prisoners an unfettered right to religious accommodation. *See Cutter v. Wilkinson*, 544 U.S. 709, 723-26 (2005). And [an inmate] does not suffer a substantial burden just because the prison fails to provide all the religious accommodations that he desires. *See Sefeldeen v. Alameida*, 238 F. App'x 204, 206 (9th Cir. 2007). For example, prisoners do not have a right to the religious advisor of their choice. *Blair-Bey v. Nix*, 963 F.2d 162, 163-64 (8th Cir. 1992).

*Turner v. Tex. Dep't of Crim. Justice*, 836 F. App'x 227, 230 (5th Cir. 2020). RLUIPA is not meant "to elevate accommodation of religious observances over an institution's need to maintain order and safety." *Cutter*, 544 U.S. at 722; *see also Couch v. Jabe*, 679 F.3d 197, 201 (4th Cir. 2012).

Here, as already noted, Plaintiff has qualified his factual assertions. Most jails and other correctional institutions allow ministers and groups to visit with inmates, allow family visitation, and allow inmates to send and receive mail. Plaintiff does not allege that these alternatives[2] were denied to him for the April through July 2025, timeframe.

### E. General Discrimination

As to his general claim of discrimination, the Court notes the following elements:

> To make out a discriminatory enforcement claim under the Equal Protection Clause, Gentry must show (1) "that he has been treated differently from others with whom he is similarly situated[,]" and (2) "that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Only then will courts consider, in the prison context, whether a classification was "reasonably related to legitimate penological interests." *Id.* at 655 (quoting *Turner*, 482 U.S. at 89).

*Gentry v. Robinson*, 837 F. App'x 952, 961 (4th Cir. 2020). As part of the first element, Plaintiff must "identify any better-treated individuals similarly situated to him . . . ." *English v. Clarke*, 90

---

[2] In *Turner*, the Supreme Court set forth four factors which may be considered in addressing the reasonableness of a prison regulation which infringes on an inmate's constitutional rights—one of which was whether there are alternative means of exercising the right that remain open to inmates. 482 U.S. at 90.

F.4th 636, 649 (4th Cir. 2024). There are many valid reasons why two inmates may be treated differently. For instance, one inmate could be in administrative segregation, and another may be in general population. Here, Plaintiff has not identified any similarly situated individuals that were treated better than he alleges he has been. Accordingly, any claims in the SAC for general discrimination will be dismissed for failure to state a claim.

### F. Other Programs

Plaintiff also mentions educational, rehabilitative, and entertainment programs, but (outside the context of religion) he has no federal right to participate in such activities. Inmates have no independent constitutional right to receive rehabilitation or educational programs while in prison. *Bowring v. Godwin*, 551 F.2d 44, 48 n.2 (4th Cir. 1977) ("[R]ehabilitation is one of the primary purposes and goals of incarceration, although it is not mandated by any provision of the Constitution."). Therefore, his lack of access at RRJ to desired rehabilitation or education programs does not state any constitutionally significant claim. *See Mickle v. Moore (In re Long Term Admin. Segregation of Inmates Designated As Five Percenters)*, 174 F.3d 464, 471 (4th Cir. 1999) (holding inmates' complaints that "they may not participate in prison work, school, or study programs . . . are indeed restrictive, but the restrictive nature of high-security incarceration does not alone constitute cruel and unusual punishment" (citing *Sweet v. South Carolina Dep't of Corrections*, 529 F.2d 854, 857 n.1 (4th Cir. 1975) (en banc))); *see also Altizer v. Paderick*, 569 F.2d 812, 813 (4th Cir. 1978) (noting that "work assignments of prisoners . . . are matters of prison administration, within the discretion of prison administrators"). Accordingly, any claims Plaintiff asserts on this basis will be dismissed.

\*\*\*

For the foregoing reasons, Plaintiff's SAC will be dismissed. Because he is proceeding *pro se*, however, Plaintiff will be allowed to amend his complaint.

In filing a third amended complaint, Plaintiff shall separately number each claim that he is seeking to raise by letter or number and identify the federal right he alleges has been violated. Plaintiff shall also label the elements of each claim. Thereafter, within the context of each claim, Plaintiff shall identify each defendant associated with the claim, and provide the facts (acts or omissions) associated with each defendant in regard to each element of that claim. In setting forth the specifics and facts of that claim, Plaintiff should use defendants' names rather than a generic designation of "defendants," which will assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred. After Plaintiff has identified all aspects of his first claim (federal right, named defendant, facts), he should do the same for each subsequent claim.

## V. CONCLUSION

For the foregoing reasons, Plaintiff will be granted leave to file his second amended complaint; however, that complaint will be dismissed without prejudice and with leave to amend.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to file a second amended complaint, Dkt. No. 12, is **GRANTED**; and it is

**FURTHER ORDERED** that the second amended complaint be and is **HEREBY DISMISSED** without prejudice, to allow Plaintiff to file a third amended complaint in compliance with the requirements of this order; and it is

**FURTHER ORDERED** that Plaintiff particularize and amend his second amended complaint within thirty (30) days of the date of this Order using the enclosed standardized § 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identifying each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, and (iv) curing the deficiencies noted herein. Plaintiff must reallege all the facts from the original complaint, and other amended complaints, in his third amended complaint, and he must include his civil action number, **1:25-cv-1191 (RDA/WBP)**, on the first page of his third amended complaint. Plaintiff is advised that this third amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a § 1983 form to Plaintiff at his institution.

Alexandria, Virginia
February 4, 2026

/s/
Rossie D. Alston, Jr.
United States District Judge